IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 3 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington
                                                                    PLAINTIFF

v.                    CASE NO.: 4:13 cv\6\7 Jmm

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC;    **This case assigned to District Judge** Moody
SLC Property Investors, LLC; EOR-ARK, LLC; VAJ, LLC **and to Magistrate Judge** Ray
SLC Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of Arkansas, LLC;
SLC Professionals, LLC; SLC Professionals Holdings, LLC;
ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital
Funding Group, Inc.; Capital Funding, LLC; CSCV Holdings, LLC;
Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing
Home Acquisition, LLC; Capital Finance, LLC; Premier Health and
Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve
Hudgens, in his capacity as Administrator of Premier Health and
Rehabilitation, LLC; and John Doe 1 through 5, Unknown
Defendants                                              DEFENDANTS

## NOTICE OF REMOVAL

Together the Defendants, Capital SeniorCare Ventures, LLC; SLC Properties, LLC; SLC

Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC

Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of

Arkansas, LLC; SLC Professionals, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC;

Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC;

CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home

Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little

Rock Holdings, LLC; and Steve Hudgens, in his capacity as Administrator of Premier Health and

Rehabilitation, LLC, for their joint Notice of Removal of this action from the Circuit Court of

Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division, state:

1.      The removed action is currently pending in the Circuit Court of Pulaski County, Arkansas, case number 60CV-2012-5525, styled *Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington v. Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC; and John Doe 1 through 5, Unknown Defendants* (herein the "Removed Action").

2.      The Complaint was filed on November 26, 2012, and Defendants Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC; and Premier Health and Rehabilitation, LLC—the first Defendants served—received the Complaint on January 14, 2013. Because the Defendants have submitted this Notice of Removal within 30 days of January 14, 2013, this notice of removal is timely filed. 28 U.S.C. § 1446(b)(1).

3.      All defendants who have been served consent to removal and either join in this Notice of Removal or will file a prompt consent to removal. 28 U.S.C. § 1446(b)(2)(A).

4.     This Court has original jurisdiction of the removed action pursuant to 28 U.S.C. § 1331, and accordingly, this case is removable by the Defendants under 28 U.S.C. § 1441(a).

5.     The Plaintiff's state-law civil conspiracy claim necessarily raises a stated federal issue, and the case is therefore removable on the basis of federal-question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). In determining whether a case fits this category of federal-question jurisdiction, the question is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Id.* at 314. The Plaintiff's characterization of its claims is not dispositive of whether federal question jurisdiction exists. *Cent. Iowa Power Co-Op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Instead, if the Plaintiff's "right to relief necessarily depends on the resolution of a disputed and substantial question of federal law," then federal jurisdiction exists. *Id.*

6.     Here, the Plaintiff's Complaint includes a claim for civil conspiracy under state law. Pl.'s Compl. at ¶¶ 93-101. In order to prove civil conspiracy, "a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive, or immoral means, to the injury of another." *Allen v. Allison*, 356 Ark. 403, 413, 155 S.W.3d 682, 689 (2004). In support of its civil conspiracy claim, the Plaintiff alleges that the Defendants conspired to obtain HUD funding for an improper purpose, Pl.'s Compl. at ¶ 98, and illegally or improperly sought to "divert Medicare or Medicaid funds intended to be used for patient care and services and, instead, funneled that money into corporate profits," Pl.'s Compl. at ¶ 99. Because the Plaintiff must prove an underlying wrongful act to establish civil

3

conspiracy, the Plaintiff necessarily must prove that the Defendants violated federal law and regulations regarding HUD financing, Medicare, and/or Medicaid. *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 550-51 (8th Cir. 1996) (holding that state law conspiracy claim triggered federal question jurisdiction because federal law provided the only substantive measure for whether the defendants conspired to commit an unlawful act or to commit a lawful act in an unlawful manner).

7.      Because the removed action is pending in the Circuit Court of Pulaski County, Arkansas, this Court is the appropriate court for removal of this action pursuant to 28 U.S.C. § 1446(a).

8.      Attached to this Notice of Removal as Exhibit A is a copy of all pleadings and orders that have been filed in the removed action. *See* Exhibit A.

9.      A copy of this Notice of Removal is being filed concurrently in the removed action in the Circuit Court of Pulaski County, Arkansas.

WHEREFORE, the Defendants Capital SeniorCare Ventures, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; and Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, hereby give their Notice of Removal of the removed

action to this Court and respectfully request that this Court grant the Defendants all just and proper relief.

Respectfully Submitted,

By: _Mark Dossett_____
Mark W. Dossett, AR 95174
KUTAK ROCK LLP
234 East Millsap Road, Suite 400
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Mark.Dossett@KutakRock.com

**ATTORNEYS FOR DEFENDANTS**
Capital SeniorCare Ventures, LLC; SLC Properties, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; and Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I served this Notice of Removal by mailing it on this 13th day of February, 2013 to:

Ms. Melody H. Piazza
Ms. Deborah T. Riordan
**Wilkes & McHugh, P.A.**
One Information Way, Suite 300
Little Rock, AR  72202

_Mark Dossett_
Mark W. Dossett

**Multiple claims.** If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

ELECTRONICALLY FILED
2012-Nov-26 16:11:48
60CV-12-5525

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

### FILING INFORMATION

| | | |
|---|---|---|
| County: **PULASKI** | District: | Docket Number: |
| Judge: | Division: | Filing Date: |

Plaintiff:
**Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington**

Defendants:
**Capital SeniorCare Ventures, LLC, et al.**

Attorney Providing Information:
☒ Plaintiff  ☐ Defendant  ☐ Intervenor

Litigant, if *Pro Se*:
_____

Address and Phone Number:
**Melody H. Piazza
Deborah T. Riordan
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas 72202
Tel: (501) 371-9903; Fax: (501) 371-9905**

Related Case(s): Judge _____     Case Number(s) _____

### Type of Case:

*Torts*
☐ (NM) Negligence: Motor Vehicle
☐ (NO) Negligence: Other
☐ (BF) Bad Faith
☐ (FR) Fraud
☐ (MP) Malpractice
☐ (PL) Products Liability
☒ (OD) Other Nursing Home Negligence

*Contracts*
☐ (IS) Insurance
☐ (DO) Debt: Open Account
☐ (PN) Debt: Promissory Note
☐ (EM) Employment
☐ (OC) Other _____

*Equity*
☐ (FC) Foreclosure
☐ (QT) Quiet Title
☐ (IJ) Injunction
☐ (PT) Partition
☐ (OT) Other _____

*Miscellaneous*
☐ (CD) Condemnation
☐ (RE) Replevin
☐ (DJ) Declaratory Judgment
☐ (UD) Unlawful Detainer
☐ (IN) Incorporation
☐ (EL) Election
☐ (FJ) Foreign Judgment
☐ (WT) Writs _____
☐ (AA) Administrative Appeal
☐ (CF) Property Forfeiture
☐ (OM) Other _____

**Jury Trial Requested:** ☒ Yes ☐ No     **Manner of Filing:** ☒ Original ☐ Re-open ☐ Transfer ☐ Return from Federal/Bankruptcy Court

### DISPOSITION INFORMATION

Disposition Date: _____     ☐ Bench Trial     ☐ Non Trial     ☐ Jury Trial

**Judgment Type:**
☐ (DJ) Default Judgment
☐ (SJ) Summary Judgment
☐ (CJ) Consent Judgment
☐ (TJ) Trial Judgment
☐ (OJ) Other Judgment
☐ (PG) Petition Granted
☐ (PD) Petition Denied
☐ (DF) Decree of Foreclosure

**Dismissal Type:**
☐ (DW) Dismissed with Prejudice
☐ (DN) Dismissed without Prejudice

**Other:**
☐ (TR) Transferred to Another Jurisdiction
☐ (RB) Removed to Bankruptcy Court
☐ (RF) Removed to Federal Court
☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff  ☐ Defendant  ☐ Both     Judgment Amount: $ _____

Clerk's Signature _____     Date _____

AOC 23 10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.



**EXHIBIT A**

ELECTRONICALLY FILED
2012-Nov-26 16:11:48
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                  **PLAINTIFF**

vs.                    NO. _____

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                         **DEFENDANTS**

## COMPLAINT

1.      Defendant Capital SeniorCare Ventures, LLC is a Delaware limited liability

company that was organized on October 18, 2006, as a subsidiary of Capital Funding

Group, Inc.   Effective July 1, 2009, Defendant Capital SeniorCare Ventures, LLC

purchased from Beverly Enterprises-Arkansas, Inc. and affiliates of Beverly Enterprises-

Arkansas, Inc., the real property and certain tangible and intangible personal property

for 12 skilled nursing facilities pursuant to an Agreement for Sale of Nursing Home

Properties dated September 22, 2008, as later amended and restated.  Included among

the 12 nursing facilities in the sale was the facility located at 3600 Richards Road, North

Little Rock, Arkansas, then known as Golden LivingCenter – North Little Rock.   In

conjunction with the sale to Capital SeniorCare Ventures, LLC, the individual operating affiliates of Beverly Enterprises-Arkansas, Inc. entered into separate Operations Transfer Agreements for the transfer of the operating contracts and ongoing operations of the 12 facilities.  Capital SeniorCare Ventures obtained HUD financing in the original principal amount of $61,021,300.00 for the purchase of the facilities.  It then, through 12 single purpose entities, collectively leased the facility properties to SLC Properties, LLC, a Delaware limited liability company, pursuant to a Master Lease and Security Agreement, with an initial annual minimum rent of $7,000,000.  CSCV Arkansas Realty, LLC, a subsidiary of Capital Funding Group and the sole member of each of the 12 single purpose landlord entities, signed the Master Lease and Security Agreement on the Landlord's behalf.   The agent for service of process for Defendant Capital SeniorCare Ventures, LLC is HIQ Corporate Services, Inc., 3500 South Dupont Highway, Dover, Delaware 19901.

2.     Defendant Column Guaranteed LLC is a Delaware limited liability company that provided the HUD financing for Capital SeniorCare Ventures, LLC's purchase of the Beverly Enterprises-Arkansas, Inc. facilities, including the facility located at 3600 Richards Road, North Little Rock, Arkansas, then known as Golden Living Center – North Little Rock.  Defendant Column Guaranteed, LLC is defined as the "Senior Lender" under the Master Lease and Security Agreement.  Pursuant to the Master Lease and Security Agreement, Column Guaranteed LLC exercised consistent oversight of the acquired facilities in the form of weekly and monthly reporting and monitoring of documents such as financial reports, budgets, licenses, surveys, inspections, and notices of violations of state, federal, and local regulations.  The agent

2

for service of process on Defendant Column Guaranteed LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.      Defendant SLC Properties, LLC, Tenant under the Master Lease and Security Agreement, is a Delaware limited liability company that was organized on October 20, 2008.  During all relevant times hereto, Jerry Kemper served as the sole Manager of Defendant SLC Properties, LLC.  Defendant SLC Properties, LLC is wholly owned by Defendant SLC Property Holdings, LLC, a Delaware limited liability company also organized on October 20, 2008. 100% of the membership interests in Defendant SLC Property Holdings, LLC is owned by Defendant SLC Property Investors, LLC, a Delaware limited liability company organized on October 20, 2008.  Until September 1, 2011, Defendant SLC Property Investors, LLC, was jointly owned by Defendant EOR-ARK, LLC, a Delaware limited liability company organized on October 14, 2008, and Defendant VAJ LLC, an Indiana limited liability company organized on December 3, 2008.  Effective September 1, 2011, all of the membership interest in Defendant SLC Property Investors, LLC was transferred to Arkansas SNF Operations Acquisitions, LLC, a Delaware limited liability company.  The agent for service of process for Defendant SLC Properties, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  The agent for service of process for Defendant SLC Property Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  The agent for service of process for Defendant SLC Property Investors, LLC is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3

4.     From July 1, 2009 until August 31, 2011, several layers of intertwined, wholly-owned entities operating under the common name of "SLC," or Senior Living Communities, leased and/or operated the long term care facilities Capital SeniorCare Ventures, LLC acquired from Beverly Enterprises-Arkansas, Inc., including the facility located at 3600 Richards Road, North Little Rock, Arkansas, formerly known as Golden LivingCenter – North Little Rock, and changed effective July 1, 2009 to Premier Health and Rehabilitation, LLC.  Defendant EOR-Ark, LLC and Defendant VAJ LLC constituted the top tier of the layers of SLC entities, ultimately owning and controlling each facility. 100% of the membership interests of Defendant EOR-Ark, LLC are owned by William and Pamela Smith. 100% of the membership interests of VAJ LLC are owned by Jerry Kemper.  Defendant EOR-ARK, LLC may be served by or through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Defendant VAJ LLC may be served by or through its registered agent, Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

5.     On July 1, 2009, Defendant SLC Properties, LLC, as Sublandlord, subleased the property for the 12 SLC-operated facilities, including the facility located at 3600 Richards Road, North Little Rock, Arkansas, to Defendant SLC Operations Master Tenant, LLC, a Delaware limited liability company, as Subtenant, pursuant to a Master Sublease Agreement dated June 30, 2009.

6.     That same date, Defendant SLC Operations Master Tenant, LLC subleased the 12 properties to the 12 operator holding companies which held the licenses to operate the long term care facilities pursuant to separate Sub-Sublease

4

Agreements by and between Defendant SLC Operations Master Tenant, LLC, as Sublandlord, and the individual operator holding companies, as Subtenants.  In this case, the relevant operator holding company was Defendant Premier Health and Rehabilitation, LLC.   Until September 1, 2011, Jerry Kemper was the sole Manager of Defendant SLC Operations Master Tenant, LLC and was also the sole Manager of the 12 Subtenants, including Premier Health and Rehabilitation, LLC.   The agent for service of process for Defendant SLC Operations Master Tenant, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.     Until September 1, 2011, Defendant SLC Operations Holdings, LLC, a Delaware limited liability company, owned 100% of the membership interests in Defendant SLC Operations Master Tenant, LLC. Defendant Senior Living Communities of Arkansas, LLC, a Delaware limited liability company authorized to do business in the State of Arkansas, although not currently in good standing in Arkansas, owns 100% of the limited liability company membership interests in Defendant SLC Operations Holdings, LLC. The agent for service of process for Defendant SLC Operations Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.   Defendant Senior Living Communities of Arkansas, LLC's registered agent for service of process is Corporate Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

8.     At all times relevant hereto, Defendant SLC Professionals Holdings, LLC, a Delaware limited liability company, owned 100% of the limited liability company membership interests in Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC.  Until September 1, 2011, Defendant SLC Professionals Holdings,

5

LLC was owned 90% by EOR-Ark, LLC and 10% by VAJ LLC. On September 1, 2011, 100% of the membership interest in SLC Professionals Holdings, LLC was acquired by Arkansas SNF Operations Acquisition, LLC pursuant to a Membership Interests Purchase Agreement. The agent for service of process for Defendant SLC Professionals Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9.     Defendant SLC Professionals, LLC, formerly known as SLC Professionals of Arkansas, LLC, is an Arkansas limited liability company that was organized on December 11, 2008. On July 1, 2009, Defendant SLC Professionals of Arkansas, LLC entered into individual Professional Service Agreements with the SLC-operated facilities, including Premier Health and Rehabilitation, LLC, to provide certain specialized health care and consulting services at the facilities, including operations, quality assurance, dietary services, reimbursement, business office services, marketing and business development, and physical plant maintenance. Pursuant to the 2009 Professional Service Agreements, the facilities provided healthcare information to Defendant SLC Professionals of Arkansas, LLC, including factors critical to the well-being of residents such as skin audits, weight loss and other quality of care indicators. In consideration for the consultant services, the facilities paid a consultant fee to Defendant SLC Professionals of Arkansas, LLC. The initial fee for this service paid by Defendant Premier Health and Rehabilitation, LLC, for example, was $11,750.00 per month. The initial term of the 2009 Professional Service Agreement was 5 years.

10.     On January 1, 2011, Defendant SLC Professionals of Arkansas, LLC entered into new, individual Professional Service Agreements with the SLC-operated

6

facilities to provide certain specialized health care and consulting services at the facilities, including operations, quality assurance, dietary services, reimbursement, business office services, marketing and business development, and physical plant maintenance.   Pursuant to the 2011 Professional Service Agreements, the facilities provided healthcare information to Defendant SLC Professionals of Arkansas, LLC, including factors critical to the well-being of residents such as skin audits, weight loss and other quality of care indicators.   In consideration for the consultant services, the facilities paid a consultant fee to Defendant SLC Professionals of Arkansas, LLC.   The initial fee paid by Defendant Premier Health and Rehabilitation, LLC, pursuant to the 2011 Professional Services Agreement was $15,468 per month.   The initial term of the 2011 Professional Service Agreement was one year.

11.     As the President of Defendant SLC Professionals of Arkansas, LLC, David Merrell ("Merrell") oversaw the operations and reviewed the budgets for the long-term care facilities in Arkansas.   David Merrell has previously testified that his job duties included helping the facilities "accomplish what they needed to do day to day to run their buildings."   During times relevant hereto, Defendant SLC Professionals of Arkansas, LLC hired and employed two Regional Vice Presidents, who were responsible for hiring and supervising Directors of Nursing ("DONs") and Administrators to manage each of the SLC facilities, including Premier Health and Rehabilitation, LLC.   During times relevant hereto, the Regional Vice Presidents assisted the DONs and Administrators with education and training of staff at the facilities and were present at the facilities on a weekly basis.   They held weekly conference calls with the administrators of the facilities and tracked spending at the facilities online, checking in with the administrator when

7

numbers looked out of line.    They also spoke with family members in situations where the family was not satisfied with the Administrator's resolution of issues with care or treatment.

12.    During times relevant hereto, Merrell was the supervisor of the Regional Vice Presidents and spoke with them on a daily basis about various operational issues. David Merrell also participated in the hiring of DONs and Administrators for each facility. Merrell met with the Administrators at each facility and trained them as to their duties. During times relevant hereto, Defendant SLC Professionals of Arkansas, LLC charged the facility Administrators with the duty of monitoring the operating budgets they were given and staying within that budget. Merrell hired the consulting staff and other staff to facilitate Defendant SLC Professionals of Arkansas, LLC's involvement in operation of the facilities. During times relevant hereto, staff at Defendant SLC Professionals of Arkansas, LLC included four quality assurance ("QA") nurses, who were hired to ensure all policies and procedures, as well as state and federal guidelines for operation and care and treatment of residents, were implemented. Defendant SLC Professionals of Arkansas, LLC's QA nurses also were charged with making sure the DONs were properly trained.  In their responsibility to oversee and ensure quality of care of residents, the QA nurses conducted internal inspections, toured the facilities, and reviewed charts and state surveys.  The QA nurses reported to the Administrator and DON if they found any areas that needed to be addressed at a facility.  They also reported to the Regional Vice Presidents.

13.    During times relevant hereto, David Merrell reviewed the state surveys, citing deficiencies in care at the facility, regarding any specific or recurring problems at a

8

facility.   The Regional Vice Presidents, who were notified when surveys were in progress and were consulted by the facility regarding the plan of correction that resulted, would give David Merrell notice of the surveys, depending on the severity of the deficiencies in care cited by the State.  Merrell would involve the QA nurses in the plans of correction for the facility, which were mandatory to bring a facility cited for deficiencies into compliance with the law.

14.     Defendant SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC continues to provide consulting services to the facilities formerly operated by SLC. However, the membership interests of Defendant SLC Professionals Holdings, LLC, the 100% owner of SLC Professionals of Arkansas, LLC, were sold to Defendant Arkansas SNF Operations Acquisition, LLC on September 1, 2011, pursuant to a Membership Interests Purchase Agreement, at which point the name of SLC Professionals of Arkansas, LLC was changed to SLC Professionals, LLC.  David Merrill is no longer the President of Defendant SLC Professionals of Arkansas, LLC.   Daniel S. Baird and Brian K. Reynolds are currently the two managers of Defendant SLC Professionals, LLC.     The agent for service of process for Defendant SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC is HIQ Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

15.     Defendant ADDIT, LLC is an Indiana limited liability company that was organized on August 14, 2008.  Its principal office is located at 9785 Crosspoint Boulevard, Suite 110, Indianapolis, Indiana.  At the time of its formation, Defendant ADDIT, LLC was 100% owned by William Smith.  Defendant ADDIT, LLC originally provided only financial services and back office support to long term care facilities.  In

9

2010, Defendant ADDIT, LLC's operations merged with Senior Vantage Point, LLC. Following the 2010 merger, Defendant ADDIT, LLC began providing human resources, purchasing and other business support services to the facilities, including Premier Health and Rehabilitation, LLC.  In addition, Defendant ADDIT, LLC was obligated to advise the facilities on insurance risk management matters, process insurance claims, and assist in the administration of the facilities' company compliance program.  Upon the Senior Vantage Point, LLC and ADDIT, LLC merger, Jerry Kemper became employed with Defendant ADDIT, LLC as the general Manager and performed the same function for the facilities that he previously performed for the facilities on behalf of Senior Vantage Point, LLC.

16.    On January 1, 2011, ADDIT, LLC entered into an Accounting and Support Services Agreement with each of the SLC facilities, including Premier Health and Rehabilitation, LLC, whereby ADDIT, LLC agreed to provide certain information systems, accounting, bookkeeping, and support services for the facilities.  In addition, ADDIT, LLC agreed to provide human resources, insurance risk management, and company compliance program services to the facilities.  The initial term of the Accounting and Support Services Agreement was to be 5 years.  Pursuant to the 2011 Accounting and Support Services Agreement with Premier Health and Rehabilitation, LLC, Premier Health and Rehabilitation, LLC was to pay ADDIT, LLC a monthly consulting fee in the amount of $14,554.  The agent for service of process for Defendant ADDIT, LLC is HIQ Corporate Services, Inc., 5217 Palisade Court, First Floor, Indianapolis, Indiana 46237.

10

17.    Defendant Quality Review, LLC is an Indiana limited liability company that was organized on October 30, 2009. At the time of its formation, Defendant Quality Review, LLC was 100% owned by William Smith.  According to William Smith, Defendant Quality Review, LLC was created to oversee the clinical side of the facilities' operations.  On January 1, 2010, Defendant Quality Review, LLC entered into a Quality Assurance Consultant Agreement with each of the SLC-operated facilities, including Premier Health and Rehabilitation, LLC, whereby it agreed to provide "quality assurance consultation" to each facility.  As a result, Defendant Quality Review, LLC took over the nurse consulting services Defendant SLC Professionals of Arkansas, LLC previously provided to the facilities.  The four quality assurance nurses originally employed by Defendant SLC Professionals of Arkansas, LLC became employed by Defendant Quality Review, LLC.  In addition, Defendant Quality Review, LLC created the policies and procedures for nursing and caretaking at the SLC facilities in Arkansas, including Premier Health and Rehabilitation, LLC.

18.    Pursuant to the Quality Assurance Consultant Agreement, it was the job of the Defendant Quality Review nurse consultants to oversee the nursing practice at the facilities and to make sure the facilities consistently applied the federal and state guidelines.  During times relevant hereto, Defendant Quality Review's nurse consultants also performed nursing audits of the facilities, including Premier Health and Rehabilitation, LLC, to make sure all the guidelines were being followed.  During times relevant hereto, the President of Defendant Quality Review traveled to the facilities often, and she reported directly to Jerry Kemper.

11

19.     During times relevant hereto, William Smith, the sole owner of Defendant Quality Review, LLC, personally visited the facilities twice a month.  In addition, he held monthly meetings with the administrators and directors of nursing of the facilities to cover such items as new policies and procedures, financials, marketing, census, and survey issues.  He also met with the administrators in person, by phone, and he corresponded with them by email, on such matters as census and financial statements.

20.     Through Defendant Quality Review, LLC's oversight and control, during times relevant hereto, William Smith requested and received facility census, budgeting and marketing information on a daily basis.  During times relevant hereto, William Smith was involved in assisting facilities cited for deficient care by the State of Arkansas with getting back into compliance.  Further, William Smith has acknowledged that he was the one with the authority to direct the facilities to stop accepting new admissions if Medicare and Medicaid stopped paying for new admissions based on bad surveys.  The agent for service of process for Defendant Quality Review, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

21.     In the spring of 2011, William Smith and Jerry Kemper began a discussion with Capital Funding Group, who owned the physical properties of 12 of the 16 long term care facilities that the SLC group leased and operated in Arkansas, to turn the leases back from the SLC group to Capital Funding Group.  At the initial meeting to discuss the transfer of the leases, William Smith, Jerry Kemper, and David Merrill were present on behalf of the SLC group.  Defendant John W. Dwyer and Brian Reynolds were the primary principals present on behalf of Capital Funding Group.   Daniel Baird of the Capital Funding Group was also present. Alan Zucarri, of Hamilton Insurance

12

Agency, and a partner of Defendant Dwyer in the transfer from SLC to Arkansas SNF Operations Acquisition, LLC, was also present.

22.     Defendant John W. Dwyer is a resident of the state of Maryland. In March 1993, Defendant John W. Dwyer founded Capital Funding Group, Inc., a named defendant herein. During all times relevant to this suit, Defendant John W. Dwyer was the chairman, founding shareholder and senior underwriter of both the large mortgage banking firm Capital Finance Bancorp, Inc., specializing in originating and servicing FHA-insured construction and permanent loans for nursing homes, hospitals, assisted living, board and care facilities and other income properties, and CFG Community Bank, a full-service commercial bank. CFG Community Bank is the parent company of Capital Funding, LLC and Capital Finance, LLC, both of whom are named defendants herein. Further, CFG Community Bank is an affiliate of Capital SeniorCare Ventures, LLC, a named defendant herein. Defendant John W. Dwyer holds a 100% ownership or controlling interest of an Electing Small Business Trust (ESBT) known as The John W. Dwyer 2011 ESBT. The John W. Dwyer ESBT holds a 100% ownership or controlling interest in Capital Funding Group. During all times relevant hereto, two entities operated under the trade name "Capital Funding Group": 1) Defendant Capital Funding Group, Inc. and 2) Defendant Capital Funding, LLC d/b/a Capital Funding Group. Defendant John W. Dwyer may be served at his current residence.

23.     On July 28, 2011, Defendant EOR-ARK, LLC, Defendant VAJ LLC, Defendant SLC Operations Holdings, LLC, Defendant Senior Living Communities of Arkansas, LLC, 13 SLC operating entities collectively called the "Operator Holding Companies," William Smith, Pamela Smith, and Jerry Kemper, as "Sellers," entered into

a Membership Interests Purchase Agreement with Defendant Arkansas SNF Operations Acquisition, LLC, as the "Purchaser," whereby Defendant Arkansas SNF Operations Acquisition, LLC agreed to purchase 100% of Sellers' equity and ownership interests in Defendant SLC Professionals Holdings, LLC, Dumas Holdings, LLC, SLC Property Investors, LLC, SLC Property Holdings, LLC, SLC Properties, LLC, Defendant SLC Operations Master Tenant, LLC, Glenwood Health & Rehabilitation, LLC, the Operator Holding Companies, Stonegate Villa Health & Rehabilitation, LLC, Hot Springs Health & Rehabilitation, LLC, Clarksville Community Health & Rehabilitation, LLC, and Dumas Acquisition, LLC, which made up the SLC group leasing and operating 16 long term care facilities in Arkansas, for an aggregate purchase price of $3,350,000. The closing date for the sale evidenced by the Membership Interests Purchase Agreement was September 1, 2011.

24.     Defendant Capital Funding Group, Inc. is a Maryland corporation with its principal office located at 1422 Clarkview Rd., Baltimore, Maryland 21209. Defendant Capital Funding Group, Inc. is a mortgage banking firm that holds itself out as the leading provider of HUD/ FHA insured loans for healthcare. The services the company provides include permanent, acquisition and construction financing. Upon information and belief, Defendant Capital Funding Group, Inc., itself, or by or through its affiliates, including Defendant Capital Funding, LLC, provided the financing for Defendant Arkansas SNF Operations Acquisition, LLC's September 1, 2011, purchase of the 16 SLC-operated long term care facilities. Pursuant to the terms of the Membership Interests Purchase Agreement, Defendant Capital Funding Group, Inc. agreed to guarantee $2,000,000 in promissory notes delivered by Defendant Arkansas SNF

14

Operations Acquisition, LLC in connection with the purchase. The agent for service of process on Defendant Capital Funding Group, Inc. is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

25.     Defendant Capital Funding, LLC d/b/a Capital Funding Group is a Maryland limited liability company that was organized April 7, 2009, as a subsidiary of CFG Community Bank.  Its principal office is located at 1422 Clarkview Rd., Baltimore, Maryland 21209.  Defendant Capital Funding, LLC is a mortgage banking firm specializing and focusing solely on HUD loans made to the healthcare sector.  During all relevant times hereto, Defendant Capital Funding, LLC provided permanent, acquisition and construction financing in the healthcare sector.  Upon information and belief, Defendant Capital Funding, LLC, helped facilitate the September 1, 2011, purchase by Defendant Arkansas SNF Operations Acquisition, LLC of the 16 SLC operated long term care facilities in Arkansas.  The agent for service of process on Defendant Capital Funding, LLC is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

26.     Capital Funding Group holds a ninety percent (90%) membership interest in CSCV Holdings, LLC, a named defendant herein. Defendant CSCV Holdings, LLC is a Maryland limited liability company organized on July 15, 2011.  Defendant CSCV Holdings, LLC's principal office is located at 1422 Clarkview Road, Baltimore, Maryland 21209.  Brian Reynolds holds the remaining ten percent (10%) membership interest in Defendant CSCV Holdings, LLC.  During all times relevant hereto, Brian Reynolds, a resident of Maryland, has been the Managing Director of Long Term Care at Defendant Capital Funding, LLC.  In addition to overseeing long term care business development

15

for Defendant Capital Funding, LLC, during all relevant times hereto, Mr. Reynolds has overseen the skilled nursing equity investments through Capital SeniorCare Ventures, LLC, a named defendant herein. The agent for service of process on Defendant CSCV Holdings, LLC is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

27.    Defendant CSCV Holdings, LLC holds a 51% interest in Arkansas SNF Operations Acquisition, LLC, a named defendant herein. Defendant Arkansas SNF Operations Acquisition, LLC is a Delaware limited liability company organized on June 15, 2011. Defendant Arkansas SNF Operations Acquisition, LLC's principal office is located at 1422 Clarkview Road, Baltimore, Maryland, 21209. The agent for service of process on Defendant Arkansas SNF Operations Acquisition, LLC is HIQ Maryland Corporation, 3500 Dupont Highway, Dover, Delaware 19901.

28.    The remaining 49% interest in Defendant Arkansas SNF Operations Acquisition, LLC is owned and/or controlled by Arkansas Nursing Home Acquisition, LLC, a named defendant herein.  Defendant Arkansas Nursing Home Acquisition, LLC is a Virginia limited liability company organized on July 22, 2011.  Defendant Arkansas Nursing Home Acquisition, LLC's principal office is located at 4100 Monument Corner Drive, Suite 500, Fairfax, Virginia 22030.    Defendant Arkansas Nursing Home Acquisition, LLC is one hundred percent (100%) owned and/or controlled by Alan Zuccari, the President and CEO of Hamilton Insurance Agency, a fictitious name for Alan J. Zuccari, Inc.  The agent for service of process on Defendant Arkansas Nursing Home Acquisition, LLC is Gentry Locke Rakes & Moore LLP, 10 Franklin Road, SE, Suite 800 SunTrust Plaza, P.O. Box 40013, Roanoke, Virginia 24022-0013.

29.     Defendant Capital Finance, LLC is a Maryland limited liability company organized on October 4, 2005 as a subsidiary of CFG Community Bank. Its principal office is located at 1422 Clarkview Rd., Baltimore, Maryland 21209. During all times relevant hereto, Defendant Capital Finance, LLC provided accounts receivable-based financing to skilled nursing facilities, including Defendant Premier Health and Rehabilitation, LLC, through revolving lines of credit secured by Medicare, Medicaid and Managed Care accounts receivable. At all relevant times herein, moneys from the operation of Defendant Premier Health and Rehabilitation, LLC were swept into an account owned by Defendant Capital Finance, LLC as collateral for the working capital loan that Defendant Capital Finance, LLC provided. The agent for service of process on Defendant Capital Finance, LLC is HIQ Maryland Corporation, HIQ Corporate Services, Inc., 715 St. Paul Street, Baltimore, Maryland 21202.

30.     Since Defendant Arkansas SNF Operations Acquisition, LLC's acquisition of the SLC facilities on September 1, 2011, the quality assurance nurses formerly employed by Defendant Quality Review, LLC, have continued to perform the same services as employees of Defendant SLC Professionals of Arkansas, LLC, pursuant to a Continuing Consulting Agreement with the new ownership.

31.     Defendant Premier Health and Rehabilitation, LLC is a domestic limited liability company that was organized on December 8, 2008. During all times relevant hereto, Defendant Premier Health and Rehabilitation, LLC has held the license for a nursing facility located at 3600 Richards Road, North Little Rock, Pulaski County, Arkansas 72117. The Premier Health and Rehabilitation facility was one of the facilities purchased by Capital SeniorCare Ventures, LLC from Beverly Enterprises-Arkansas,

17

Inc. The facility was leased by the single purpose landlord entity 3600 Richards Road, LLC, an Arkansas limited liability company, to SLC Properties, LLC, and, until September 1, 2011, was operated by Premier Health and Rehabilitation, LLC and the SLC entities named herein.

32.    On September 1, 2011, Defendant Arkansas SNF Operations Acquisition, LLC  acquired from Defendant North Little Rock Holdings, LLC, 100% of the membership interests in Defendant Premier Health and Rehabilitation, LLC, pursuant to a Membership Interest Purchase Agreement/ Change of Ownership.  That same date, Defendant Arkansas SNF Operations Acquisition, LLC  entered into an Amended and Restated Limited Liability Company Operating Agreement, whereby Defendant Premier Health and Rehabilitation, LLC's principal place of business was changed to 1422 Clarkview Road, Baltimore, Maryland 21209.  Pursuant to the Amended and Restated Operating Agreement, Defendant Premier Health and Rehabilitation, LLC is organized solely to sublease and operate the skilled nursing facility located at 3600 Richards Road, North Little Rock, Pulaski County, Arkansas 72117, commonly known as Premier Health and Rehabilitation.

33.    The September 1, 2011, Amended and Restated Operating Agreement provides that Defendant John W. Dwyer, on behalf of Defendant Arkansas SNF Operations Acquisition, LLC, has the sole authority to appoint the managers of Defendant Premier Health and Rehabilitation, LLC, who, initially, are Daniel S. Baird and Brian K. Reynolds.  Further, Defendant John W. Dwyer retains authority to remove or replace the managers "at any time for any reason."   Although the managers are given authority to bind and act on behalf of Defendant Premier Health and

18

Rehabilitation, LLC in the ordinary course of business, the managers may not, without the express written approval of Defendant John W. Dwyer, sell, transfer, acquire, finance, or encumber any interest in the facility, take any action that causes the Company to exceed a budgeted expense by more than 5%, cause the Company to incur any debt or other obligation, make any loans, file a petition for bankruptcy, admit a new member, require additional capital contributions, merge or consolidate the Company, or pledge any membership interest of a member.  The agent for service of process for Defendant Premier Health and Rehabilitation, LLC, is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

34.    Until September 1, 2011, Defendant North Little Rock Holdings, LLC, a Delaware limited liability company, was the 100% owner of Premier Health and Rehabilitation, LLC.  At time material to this lawsuit, North Little Rock Holdings, LLC owned, operated, managed, controlled and/or provided services to Premier Health and Rehabilitation, LLC.  The causes of action made the basis of this suit arose out of Defendant North Little Rock Holdings, LLC's ownership, operation, management, control and/or services provided for Premier Health and Rehabilitation, LLC during the residency of Beatrice Washington.  The agent for service of process for Defendant North Little Rock Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

35.    Upon information and belief, Defendant Steve Hudgens, a resident of the State of Arkansas, was an Administrator of Premier Health and Rehabilitation, LLC at

19

times during the residency of Beatrice Washington. Defendant Steve Hudgens may be served at his last known address.

36. Defendants John Doe 1 through 5 are entities and/or persons, either providing care and services to Beatrice Washington, or that are directly or vicariously liable for the injuries of Beatrice Washington. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services provided to or withheld from Beatrice Washington during her residency at Defendants' facility.

37. Beatrice Washington was admitted on June 16, 2011, as a resident of Defendant Premier Health and Rehabilitation, LLC. Except for times when she was hospitalized, Beatrice Washington remained a resident of the facility until November 15, 2011, when she was transferred to the emergency room at Baptist Health Medical Center – North Little Rock, where she arrived without a pulse and asystole. Beatrice Washington was pronounced dead at Baptist Health Medical Center – North Little Rock at 7:07 a.m. on November 15, 2011.

38. Rhonda G. Jones, the daughter of Beatrice Washington, and a resident of Jacksonville, Pulaski County, Arkansas, is Administratrix of the Estate of Beatrice Washington, deceased, pursuant to Order of Pulaski County Circuit Court, Probate Division, Case No. 60PR-2011-2246, attached hereto as **Exhibit A**, and brings this claim on behalf of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington, pursuant to the Arkansas Survival

20

of Actions Statute (Ark. Code Ann. § 16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102). Rhonda G. Jones brings this action against Defendants claiming damages on behalf of Beatrice Washington arising out of care, services and treatment by Defendants during the time that Beatrice Washington resided at Premier Health and Rehabilitation, LLC.

39.     Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to, and includes Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; and unknown John Doe Defendants.

40.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Steve Hudgens.

41.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to, and includes, all named Defendants in this lawsuit, including unknown John Doe Defendants.

42.     Jurisdiction and venue are proper in this Court.

21

## FACTUAL ALLEGATIONS REGARDING THE INJURIES INCURRED BY BEATRICE WASHINGTON

43.     Beatrice Washington was admitted as a resident of Premier Health and Rehabilitation, LLC (sometimes referred to herein as "the facility") on June 16, 2011. Except for times when she was hospitalized, Beatrice Washington remained a resident of the facility until she died on November 15, 2011.

44.     Beatrice Washington was admitted to Premier Health and Rehabilitation, LLC as a total care resident.  She was dependent upon facility staff for assistance with activities of daily living, including bathing, oral hygiene, grooming, dressing, and transfers.

45.     At all times during her residency, Beatrice Washington lacked sufficient understanding or capacity to make or communicate decisions to meet the essential requirements for her health and safety, and she was incapable of conducting or managing her personal and business affairs. Thus, Beatrice Washington was "insane" as that term has been interpreted pursuant to Ark. Code Ann. section 28-65-101.

46.     During her residency at the facility, Beatrice Washington began experiencing stiffness in the fingers of both hands.

47.     Beatrice Washington developed recurrent, or unresolved urinary tract infections during the month of July 2011, resulting in hospitalizations at Baptist Health Medical Center – North Little Rock and at UAMS.

48.     On July 13, 2011, Beatrice Washington was diagnosed with otitis.

49.     On July 19, 2011, Beatrice Washington was found slumped over in the shower chair with her tongue protruding from her mouth, taking shallow, rapid breaths.

She was transferred to UAMS for several days due to her urinary tract infection, inner ear infection and/or dehydration with secondary acute kidney injury.

50.    Beatrice Washington developed Stage II Buttock wounds by July 27, 2011.

51.    Throughout her entire residency, Beatrice Washington's blood sugar levels fluctuated, mostly in the upper 100s to mid-200s and occasionally spiking up over 300.  The facility did not provide for a diabetic diet.  Instead, they just cut desserts in half.

52.    Beatrice Washington developed bilateral hand and right knee edema.  By October 2011, Beatrice Washington's right arm became contracted and she complained of bilateral leg and right hand pain.

53.    On November 15, 2011, Beatrice Washington's blood sugar was checked and noted to be 111.  The RN on duty was notified of her status, but her physician was not.  Beatrice Washington became clammy, unresponsive, and developed difficulty breathing.  She died later that morning at Baptist Health Medical Center – North Little Rock.

54.    The severity of the recurrent negligence inflicted upon Beatrice Washington while under the care of the Defendants at the facility accelerated the deterioration of her health and physical condition and resulted in the physical and emotional injuries, including, but not limited to those described herein.

55.    The above-identified injuries, as well as the conduct specified below, caused Beatrice Washington to suffer loss of personal dignity, pain and suffering, mental anguish, degradation, disability, disfigurement, and emotional distress.

56.   In surveys and inspections conducted for Premier Health and Rehabilitation, LLC in 2011, during the residency of Beatrice Washington, the Arkansas Office of Long Term Care repeatedly cited the facility for deficiencies in the care, treatment and services provided to residents, including but not limited to failures to:

a)   Make sure that each resident who enters the nursing home without a catheter is not given a catheter, and receive proper services to prevent urinary tract infections and restore normal bladder function;

b)   Provide care by qualified persons according to each resident's written plan of care;

c)   Make sure services provided by the nursing facility meet professional standards of quality;

d)   Keep each resident's personal and medical records private and confidential;

e)   Make sure menus meet the resident's nutritional needs and that there is a prepared menu by which nutritious meals have been planned for the resident and followed;

f)   Store, cook, and serve food in a safe and clean way;

g)   Make sure that the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents;

h)   Have a program that investigates, controls and keeps infection from spreading; and

i)   Provide housekeeping and maintenance services.

57.   The extent to which the above citations directly included failures or deficiencies in the care, services and treatment provided to Beatrice Washington remains to be discovered. However, all of the above cited deficiencies establish that Defendants were on notice and aware of problems with resident care, including failures and deficiencies in care which caused the injuries alleged herein.

24

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

58.   Based upon the foregoing allegations regarding Nursing Home Defendants' control and management of Premier Health and Rehabilitation, LLC, and the injuries suffered by Beatrice Washington while she resided at the facility, Plaintiff pleads the following causes of action:

**I.   Cause of action for ordinary negligence and failures in ordinary duties of care imposed on a long-term care facility.**

59.   Based upon the allegations of control, management and involvement in the operation of Premier Health and Rehabilitation, LLC outlined above, each of the Nursing Home Defendants, as well as their agents and employees, undertook duties of care to the residents at Premier Health and Rehabilitation, LLC, including Beatrice Washington.

60.   Based upon the state surveys of the facility and the assessments of Beatrice Washington alleged in the above paragraphs, it was foreseeable to each of the Nursing Home Defendants that harm would result to Beatrice Washington if Nursing Home Defendants did not provide at least the care equivalent that is required of a nursing home caring for a resident in a similar state of health, mental status and abilities.

61.   Among the duties Nursing Home Defendants owed to Beatrice Washington as the owners, operators, licensees, managers and consultants, agents and employees of Premier Health and Rehabilitation, LLC, were duties to use ordinary care to determine the mental and physical condition of Beatrice Washington, to furnish Beatrice Washington the care and attention reasonably required by her mental and physical condition, and to follow the orders and directions of Beatrice Washington's

25

attending physician and care plan regarding her activities of daily living and ordinary caretaking.

62.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to assist Beatrice Washington with her activities of daily living.

63.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to assist Beatrice Washington with turning and repositioning, and failed to use and maintain pressure relieving devices, to prevent or relieve skin breakdown.

64.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide adequate oversight to ensure a safe environment.

65.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide Beatrice Washington with fluids sufficient to prevent dehydration and urinary tract infections.

66.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide a sanitary environment and proper hygiene to prevent the development and recurrence of infections, such as inner ear infections and urinary tract infections.

67.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to assist Beatrice Washington with eating and failed to provide her a proper diabetic diet, as required for adequate nutrition to maintain proper glucose levels.

68.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide basic care to ensure Beatrice Washington's quality of care and quality of life.

69.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide Beatrice Washington assistance with activities of daily living, hygiene and grooming and failed to sufficiently document the bathing, oral hygiene, grooming, and/or dressing provided to Beatrice Washington during her admission.

70.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide Beatrice Washington skin care treatments to maintain skin integrity.

71.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to document provision of Resident Right's, Social Services, or Restorative Care to Beatrice Washington.

72.     Nursing Home Defendants were negligent in the hiring, training, retention and supervision of non-medical, caretaking staff and the professional nursing staff at the Premier facility.

73.     Nursing Home Defendants understood that staffing at minimum levels did not necessarily meet the needs required by residents at Premier Health and Rehabilitation, LLC, such as Beatrice Washington.  Nursing Home Defendants also were aware that the biggest expenditure in their operating budget was staffing the facility.   Nursing Home Defendants sought and kept staffing at or below minimum

27

levels, knowing that this staffing strategy would result in injury to residents at Premier Health and Rehabilitation, LLC, including Beatrice Washington.

74. The foregoing breaches of duties of ordinary care owed by the Nursing Home Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Beatrice Washington at Premier Health and Rehabilitation, LLC, including her untimely death, and without which, the injuries alleged herein would not have occurred.

75. A reasonable nursing home, operating under the same or similar circumstances as Premier Health and Rehabilitation, LLC, would not have breached the above-described duties of care. It was reasonably foreseeable that the injuries described herein, including Beatrice Washington's death, would result from the breaches of duties of care set out above.

76. Due to the injuries proximately caused by Nursing Home Defendants, the Estate of Beatrice Washington is entitled to be compensated by an amount of money which will reasonably and fairly compensate it for damages and which includes, but is not limited to, compensation for serious physical and emotional injuries, expenses for medical care, treatment and services, pain and suffering and mental anguish, disfigurement and other visible results of Beatrice Washington's injuries, disability, degradation, loss of personal dignity, loss of life and related expenses, in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law. The personal injuries suffered by Beatrice Washington caused her family to suffer

grief upon her death.  In addition to the Estate of Beatrice Washington's claim for compensatory damages, the wrongful death beneficiaries of Beatrice Washington request compensatory damages against Nursing Home Defendants for the wrongful death of Beatrice Washington, including their grief suffered, as well as the expenses of funeral and other related expenses.

77.    In addition to compensatory damages for the actual losses that Beatrice Washington and her wrongful death beneficiaries sustained, Plaintiff also is entitled to recover punitive damages for the negligent conduct of Nursing Home Defendants.  The Plaintiff alleges that Nursing Home Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which Premier Health and Rehabilitation, LLC was operated, would naturally and probably result in injury to residents, such as Beatrice Washington, and yet Nursing Home Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

**II.    Cause of action for medical malpractice negligence and failures in professional standards of care imposed on a long-term care facility.**

78.    Wrongful conduct by Nursing Home Defendants, their agents and employees, also included acts or omissions constituting professional medical or nursing negligence, pursuant to the Actions for Medical Injury Act, Arkansas Code sections 16-114-201 *et seq.*, to the extent the above-described injuries incurred by Beatrice Washington included "medical injuries," as defined by that Act.

79.    Each of the Nursing Home Defendants was either a "medical care provider" or was vicariously liable for the conduct of a "medical care provider," as defined by the Act, Arkansas Code section 16-114-201(2), in relevant part, as a nurse,

nursing home, or an officer, employee or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services.

80. In diagnosing the condition of and treating a patient through the provision of services requiring the judgment, skills and/or training of licensed medical or nursing personnel, a nursing home has a professional duty to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of the same profession in good standing, engaged in the same skilled nursing home practice in the locality in which the nursing home practices or in a similar locality.

81. While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and order use of pressure relieving devices to prevent or relieve skin breakdown and blisters, as well as failing to professionally monitor their use.

82. While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent or treat inner ear and urinary tract infections.

83. While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent or treat Beatrice Washington's diabetes and her known risk for fluctuation in her blood sugar levels.

84. While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent or treat altered skin integrity.

85.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent, treat or manage pain.

86.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and notify Beatrice Washington's physician and family about substantial changes in her condition and mental status, as well as failing to timely notify her family about transfers from Premier Health and Rehabilitation, LLC due to hospitalization.

87.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess and notify a physician regarding changes in Beatrice Washington's medical condition.

88.     While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Nursing Home Defendants maintained inadequate nursing records and were incomplete in documenting nursing care.

89.     The foregoing breaches of duties of professional medical and nursing standards of care owed by Nursing Home Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Beatrice Washington at the Premier facility, including her untimely death, and without which breaches of care her injuries and untimely death would not have occurred.

90.     A nursing home, in good standing and engaged in the practice of skilled long-term care in the same or a similar locality, would not have breached the above-described duties of professional medical or nursing care.  It was reasonably foreseeable

31

that the injuries described herein, including Beatrice Washington's untimely death, would result from the breaches of duties of professional care set out above.

91.     Due to the injuries proximately caused by the professional medical and nursing negligence of the Nursing Home Defendants, the Estate of Beatrice Washington is entitled to be compensated by an amount of money, which will reasonably and fairly compensate it for damages and which includes, but is not limited to, compensation for serious physical and emotional injuries, necessary medical care, treatment and services, pain and suffering and mental anguish, disfigurement and other visible results of Beatrice Washington's injuries, disability, degradation, loss of personal dignity, loss of life, and related expenses in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.  The personal injuries suffered by Beatrice Washington caused her family to suffer grief upon her death.  In addition to the Estate of Beatrice Washington's claim for compensatory damages, the wrongful death beneficiaries of Beatrice Washington request compensatory damages against Nursing Home Defendants for the wrongful death of Beatrice Washington, including their grief suffered, as well as the expenses of funeral and other related expenses.

92.     In addition to compensatory damages for the actual losses that Beatrice Washington and her wrongful death beneficiaries sustained, Plaintiff also is entitled to recover punitive damages for the professional medical and nursing negligence of Nursing Home Defendants.  The Plaintiff alleges that Nursing Home Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct

32

and the manner in which the Premier facility was operated would naturally and probably result in injury to residents, such as Beatrice Washington.   Yet, Nursing Home Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

III.    **Cause of action for civil conspiracy.**

93.    Even if some of the Nursing Home Defendants did not directly participate in the tortious acts described in the preceding paragraphs, they are liable for a conspiracy promoting wrongful conduct in a manner that caused injury to Beatrice Washington.

94.    Nursing Home Defendants had actual agreements regarding the patient census, levels of staffing, and amount of funds to be used in operating the Premier Health and Rehabilitation facility.

95.    Nursing Home Defendants actively monitored deficiencies in care at the Premier Health and Rehabilitation facility, as cited by the State of Arkansas in surveys, and were aware both prior and during the residence of Beatrice Washington that the operating funds being expended at the facility were not sufficient to meet the needs of the residents.

96.    Each Nursing Home Defendant performed a part so that their acts, although seemingly independent, were in fact connected and cooperative, indicating a closeness of personal association and a concurrence of sentiment.

97.    Additionally, each Nursing Home Defendant is liable for conspiracy to the extent any act or declaration was made by another Defendant in furtherance of the conspiracy.

98. One or more of the Nursing Home Defendants engaged in a conspiracy to obtain HUD financing for the purchase and lease of the Premier facility, in order to profit from the leases and fees, knowing that adequate operating funds would not be provided to meet the needs of residents such as Beatrice Washington.

99. It may be inferred from Nursing Home Defendants' actions that, knowing the risks and dangers such conduct posed to residents such as Beatrice Washington, Nursing Home Defendants pursued a course of conduct to divert Medicare and Medicaid funds intended to be used for patient care and services and, instead, funneled that money into corporate profits.

100. Due to the injuries proximately caused by the tortious acts done in furtherance of a conspiracy between the Nursing Home Defendants, the Estate of Beatrice Washington is entitled to be compensated by an amount of money which will reasonably and fairly compensate for her damages and which includes, but is not limited to, compensation for serious physical and emotional injuries, expenses for medical care, treatment and services, pain and suffering and mental anguish, disfigurement and other visible results of Beatrice Washington's injuries, disability, degradation, loss of personal dignity, loss of life, and related expenses in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.

101. In addition to compensatory damages for the actual losses that Beatrice Washington sustained, Plaintiff also is entitled to recover punitive damages for the civil

34

conspiracy on the part of the Nursing Home Defendants.  Plaintiff alleges that Nursing Home Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conspiracy in the manner in which the Premier Health and Rehabilitation facility was operated would naturally and probably result in injury to residents, such as Beatrice Washington.  Yet, Nursing Home Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

### III.   Cause of action against Premier Health and Rehabilitation, LLC, for violations of resident's rights, pursuant to the Protection Of Long-Term Care Facility Residents Act,  Arkansas Code sections 20-10-1201.

102.   Among  the  Defendants,  the  licensee(s)  of  Premier  Health  and Rehabilitation, LLC had statutorily-mandated duties to provide Beatrice Washington with basic, nursing home resident's rights as set forth in the Protection of Long-Term Care Facility Residents Act, Arkansas Code sections 20-10-1201 *et seq.*

103.   The Protection of Long-Term Care Facility Residents Act mandates the development, establishment, and enforcement of basic standards for the health, care, and  treatment  of  persons  in  long-term  care  facilities;  and  mandates  that  the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, such as Beatrice Washington.

104.   The Protection of Long-Term Care Facility Residents Act mandates that every licensed facility shall comply with all applicable standards and rules of the Office of Long-Term Care of the Arkansas Department of Human Services.

105.   The statutory duty imposed upon the licensee(s) of Premier Health and Rehabilitation, LLC to prevent deprivation or infringement of the resident's rights of

35

Beatrice Washington was non-delegable. Thus, among the Defendants, the licensee(s) are directly liable to Plaintiff for any deprivation and infringement of Beatrice Washington's resident's rights occurring as a result of their own action or inaction, and as a result of the action or inaction of any other person or entity, including employees, agents, consultants, independent contractors and affiliated entities, whether in-house or outside entities, individuals, agencies or pools, as well as any deprivation and infringement of Beatrice Washington's resident's rights caused by the Defendants' policies, procedures, whether written or unwritten, and common practices.

106.   Any person or entity acting as an employee or agent of Premier Health and Rehabilitation, LLC assumed and undertook to perform the licensee's non-delegable and statutorily-mandated duty to provide and protect Beatrice Washington's nursing home resident's rights as set forth in Arkansas Code sections 20-10-1201 *et seq.* in the operation and management of Premier Health and Rehabilitation, LLC.

107.   Notwithstanding the responsibility of the licensee(s) to protect and provide for these statutorily-mandated, nursing home resident's rights, Defendants infringed upon, and Beatrice Washington was deprived of, rights mandated by Arkansas Code sections 20-10-1201 *et seq.* including, but not limited to, the following:

a)     The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Beatrice Washington with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

1)   The right to receive adequate and appropriate custodial service, defined as care for Beatrice Washington which entailed observation of diet and sleeping habits and maintenance of a watchfulness over her general health, safety, and well-being; and

2)   The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Beatrice Washington or her designee or legal representative, which included a comprehensive assessment of the needs of Beatrice Washington, a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b)   The right to regular, consultative, and emergency services of physicians;

c)   The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d)   The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Beatrice Washington, and not directly furnished by the licensee(s);

e)   The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f)   The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)   The right to be free from mental and physical abuse, and from physical and chemical restraints;

h)   The right of Beatrice Washington to have privacy of her body in treatment and in caring for her personal needs;

37

i)      The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)      The right to participate in social, religious, and community activities;

k)      The right to the obligation of the facility to keep full records of the admissions and discharges of Beatrice Washington, and her medical and general health status, including:

1)      medical records;

2)      personal and social history; and

3)      individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals;

4)      making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)      The right to be treated courteously, fairly, and with the fullest measure of dignity.

108.    The above infringement and deprivation of the rights of Beatrice Washington were the result of Defendants failing to do that which a reasonably careful person would do under similar circumstances.

109.    As a result of the aforementioned violations, the Estate of Beatrice Washington, pursuant to Arkansas Code section 20-10-1209(a)(4), is entitled to recover actual damages against the licensee(s) of the facilities.  Plaintiff asserts a claim for judgment for actual damages against the licensee(s) of Premier Health and Rehabilitation, LLC, including, but not limited to, medical expenses, extreme pain and suffering, otherwise unnecessary hospitalizations, disfigurement, disability, degradation, unnecessary loss of personal dignity, emotional distress, loss of life and related

38

expenses, in an amount to be determined by the jury and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

110.   The infringement or deprivation of the resident's rights of Beatrice Washington by Defendants was willful, wanton, gross, flagrant, reckless, or consciously indifferent.   Pursuant to Arkansas Code section 20-10-1209(c), Plaintiff is entitled to recover punitive damages against the licensee(s) of Premier Health and Rehabilitation, LLC.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

**I.     Cause of action for ordinary negligence and failures in ordinary duties of care.**

111.   Administrator Defendant undertook duties of care to the residents at the facility.

112.   Administrator Defendant had a duty to administrate Premier Health and Rehabilitation, LLC in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

113.   Based upon the state surveys of the facility and the assessments of Beatrice Washington alleged in the above paragraphs, it was foreseeable to Administrator Defendant that harm would result to Beatrice Washington if Administrator Defendant did not use ordinary care to administrate the facility in compliance with accepted professional and industry standards and principles that apply to professionals providing services in such facilities.

39

114.   Among the duties Administrator Defendant owed to Beatrice Washington as the administrator of Premier Health and Rehabilitation, LLC, was the duty to use ordinary care to ensure that trained and qualified staff, in sufficient numbers, were available to provide Beatrice Washington the care and attention reasonably required by her mental and physical condition, and to ensure that the orders and directions of Beatrice Washington's attending physician and care plan were followed regarding her activities of daily living and ordinary caretaking.

115.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that trained and qualified staff, in sufficient numbers, were available to assist Beatrice Washington with her activities of daily living.

116.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to supervise nurses and nurses' aides and failed to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Beatrice Washington the care she required.

117.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to adequately assess, evaluate, and supervise nursing personnel to ensure that Beatrice Washington received appropriate nursing care.

118.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility.

40

119.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington attained and maintained her highest level of physical, mental, and psychosocial well-being.

120.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington received sufficient amounts of fluids to prevent dehydration and infections.

121.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington received a diabetic diet and adequate nutrition to prevent fluctuations in her blood sugar levels.

122.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to provide a sanitary environment to ensure good hygiene and to prevent the development of infections.

123.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington  received nutrition, care, treatment, and medication as prescribed or in accordance with physician's orders;

124.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington was treated with the dignity and respect that all nursing home residents are entitled to receive.

125.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to provide a safe environment for Beatrice Washington.

126.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility.

127.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington was timely turned and repositioned, or that she received prescribed medication and treatment to prevent the development or worsening of skin breakdown and blisters.

128.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to investigate the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Office of Long Term Care or any other authority.

129.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to establish the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility.

130.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to determine whether the facility had sufficient numbers of personnel to meet the total needs of Beatrice Washington.

131.    While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to document, maintain files, investigate, and respond to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

42

132.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Beatrice Washington was provided with basic and necessary care and supervision.

133.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Beatrice Washington received care, treatment, and services in accordance with duties owed, and industry and community standards and practices.

134.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to assign nursing personnel at the facility duties consistent with their education and experience based on Beatrice Washington's medical history and condition, and her nursing and rehabilitative needs; the characteristics of the resident population residing in the area of the facility where Beatrice Washington was a resident; and nursing skills needed to provide care to such resident population.

135.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to provide sufficient numbers of qualified personnel, to ensure that Beatrice Washington was provided with a safe environment, received timely and accurate care assessments, received prescribed treatment, medication and diet, and was protected from abuse and mistreatment.

136.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents.

43

137.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to protect Beatrice Washington from abuse and neglect.

138.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Beatrice Washington.

139.   While Beatrice Washington resided at Premier Health and Rehabilitation, LLC, Administrator Defendant failed to document and maintain all records on Beatrice Washington in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

140.   The foregoing breaches of duties of ordinary care owed by the Administrator Defendant, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Beatrice Washington at Premier Health and Rehabilitation, LLC, and without which, the injuries would not have occurred.

141.   A reasonable nursing home administrator, operating under the same or similar circumstances as Administrator Defendant would not have breached the above-described duties of care.  It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of care set out above.

142.   Due to the injuries proximately caused by Administrator Defendant, the Estate of Beatrice Washington is entitled to be compensated by an amount of money which will reasonably and fairly compensate it for damages, which includes, but is not

limited to, compensation for serious physical and emotional injuries, expenses for medical care, treatment and services, pain and suffering and mental anguish, disfigurement and other visible results of Beatrice Washington's injuries, disability, degradation, loss of personal dignity, loss of life and related expenses, in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.

## DEMAND FOR JURY TRIAL

143. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For costs of litigating this case.

4. For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Beatrice Washington and her statutory beneficiaries and to deter Defendants and others from repeating such atrocities.

45

5.     For all other relief to which Plaintiff is entitled.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

By:

Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:   (501) 371-9905

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
12ᵗʰ PROBATE DIVISION

FILED 02/03/12 09:21:34
Larry Crane Pulaski Circuit Clerk
CR01

IN THE MATTER OF THE ESTATE OF
BEATRICE WASHINGTON, DECEASED

NO. 60PR-2011-2246

## ORDER APPOINTING PERSONAL REPRESENTATIVE

The Petition of Rhonda G. Jones for appointment of a personal representative in the estate

of Beatrice Washington, deceased, is presented to the Court. Upon consideration of the Petition and

the facts and evidence in support of it, the Court finds:

1.      No demand for notice of proceedings for the appointment of a personal representative

of the estate has been filed. The Petition is not opposed by any known person, and it may be heard

without notice.

2.      Beatrice Washington, who resided at Premiere Health and Rehabilitation, 3600

Richards Road, North Little Rock, Arkansas 72117, died at Baptist Hospital, 3333 Springhill Drive,

North Little Rock, Arkansas 72210, on November 15, 2011.

3.      This Court has jurisdiction of this proceeding and venue properly lies in this County.

4.      Rhonda G. Jones is a proper person by law to serve as personal representative of the

estate.

5.      It appears there are no unsecured claims against the decedent's estate.

6.      The estate has no assets other than a potential personal injury/wrongful death action

and all the distributees are competent and have filed their written waiver of the requirement of bond.

For good cause shown and pursuant to Ark. Code Ann. §28-48-206, the requirement for filing a bond

by the personal representative is hereby waived.



**IT IS THEREFORE ORDERED** as follows:

1.      the administration of the estate is opened;

2.      Rhonda G. Jones is appointed personal representative of the estate; and

3.      Letters of Administration shall be issued to this personal representative without the requirement of a bond.

DATED this _____ day of _____, 2012.

CIRCUIT JUDGE

FEB 3 2012

Submitted by:

Catherine C. Lewis, Bar #99079
HUMPHRIES & LEWIS
P. O. Box 20670
White Hall, AR 71612
Telephone No. (870) 247-7035

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
PROBATE 12TH DIVISION

No. 60PR-11-2246

IN THE MATTER OF THE ESTATE OF

BEATRICE WASHINGTON, deceased

## LETTER OF ADMINISTRATION

*RHONDA GAYE JONES*, whose address is 212 W VALENTINE RD,

JACKSONVILLE, AR 72076, having been appointed and qualified as Administratrix of

the estate of BEATRICE WASHINGTON, who died on or about 11/15/2011, is hereby

authorized to act as Administratrix for and in behalf of the estate and to take possession

of the estate's property as authorized by law.

ISSUED this date: <u>08-FEB-2012</u>

LARRY CRANE, CIRCUIT CLERK



ELECTRONICALLY FILED
2012-Dec-03  08:26:00
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SEVENTEENTH DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                    PLAINTIFF

vs.                                    NO. 60CV-2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                  DEFENDANTS

## NOTICE OF ACTION OR CLAIM IN COMPLIANCE
## WITH ARKANSAS CODE ANNOTATED §20-77-304

Pursuant to Ark. Code Ann. §20-77-304, the Arkansas Department of

Human Services is hereby served with written notice of the filing of an action or

claim by Rhonda G. Jones, as Administratrix of the Estate of Beatrice

Washington, deceased, and on behalf of the wrongful death beneficiaries of

Beatrice Washington. Beatrice Washington  is believed to have been a recipient

of medical assistance from the Division of Medicaid of the State of Arkansas.

The action or claim has been filed against Capital SeniorCare Ventures, LLC;

Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC;

SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master

Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC; and John Doe 1 through 5, Unknown Defendants.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

By: _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I certify that a copy of the mandatory Notice required by Ark. Code Ann. §20-77-304 has been served by U.S. Mail, certified, return receipt requested, on the Director of the Department of Human Services on this 21 day of November 2012:

Director of the Arkansas Department
  of Health and Human Services
S201 Donaghey Plaza West
P.O. Box 1437
Little Rock, AR 72203

Wilkes & McHugh, P.A.

# AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
2013-Jan-28  16:52:25
60CV-12-5525

**State of Arkansas**          **County of Pulaski**          **Circuit Court**

Case Number: 60CV 2012 5525

Plaintiff:
**Rhonda G. Jones, as Administratix of the Estate of Beatrice**
**Washington, deceased; ET AL**
**vs.**
Defendant:
**Capital SeniorCare Ventures, LLC; Column Guaranteed, LLC; SLC**
**Properties, LLC; ET AL**

For: Ms. Melody Piazza
     WILKES & MCHUGH

Received by MYERS ATTORNEY'S SERVICE to be served on **SLC Professionals, LLC fka SLC Professionals of**
**Arkansas, LLC by serving Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, AR**
**72201.** I, _Stephanie Myers_ , being duly sworn, depose and say that on the _14th_ day of
_January_, 20 _13_ at _10:07_ __.m., executed service by delivering a true copy of the **SUMMONS, NOTICE,**
**COMPLAINT, FIRST SET OF INTERROGS, FIRST SET OF REQUESTS FOR PRODUCTION ON SLC**
**PROFESSIONALS, LLC in accordance with state statutes in the manner marked below:**

( ) GOV.AGENCY: By Serving _____
_____As_____ of the within-named
agency.

(✓)CORPORATE SERVICE: By Serving _Danny Clements_ as
_agent for service._ _____

( ) OTHER SERVICE: See Comments Below:

( ) NON SERVICE: See Comments Below:

Service Was Completed At: _300 S. Spring St. Ste 900 Little Rock, AR 72201_
_____

COMMENTS: _____
_____
_____
_____



## AFFIDAVIT OF SERVICE for 60CV 2012 5525

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

PROCESS SERVER # _____ *118*

Appointed in accordance with State Statutes

NOTARY PUBLIC

Crook
DX Pulaski
lic - Arkansas
on Exp. 03/21/2015

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 400**
**Little Rock, AR 72201**
**(501) 376-6266**
Our Job Serial Number: 2013000215

Copyright © 1962-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV** 2012 5525

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | SLC Professionals, LLC |
| Deborah T. Riordan | f/k/a SLC Professionals of Arkansas, LLC |
| WILKES & McHUGH, P.A. | c/o HIQ Corporate Services, Inc. |
| One Information Way, Suite 300 | 300 South Spring Street, Suite 900 |
| Little Rock, AR 72202 | Little Rock, Arkansas 72201 |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Professionals, LLC
                                          f/k/a SLC Professionals of Arkansas, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents. Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ 11-2 lo-12 _____

Larry Crane                          LARRY CRANE, Clerk
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201                By: _____ Deputy Clerk

No.*60CV-2012-5525*  **This Summons is for: SLC Professionals, LLC
f/k/a SLC Professionals of Arkansas, LLC**

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address]  with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS


By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____



Additional information regarding service or attempted service:

_____

_____

# AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
2013-Jan-28 16:52:25
60CV-12-5525

**State of Arkansas**   **County of Pulaski**   **Circuit Court**

Case Number: 60CV 2012 5525

Plaintiff:
**Rhonda G. Jones, as Administratix of the Estate of Beatrice Washington, deceased; ET AL**
vs.
Defendant:
**Capital SeniorCare Ventures, LLC; Column Guaranteed, LLC; SLC Properties, LLC; ET AL**

For: Ms. Melody Piazza
    WILKES & MCHUGH

Received by MYERS ATTORNEY'S SERVICE to be served on **Senior Living Communities Of Arkansas, LLC by serving Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, AR 72201**. I, _Stephanie Myers_, being duly sworn, depose and say that on the _14th_ day of _January_, 20_13_ at _10:00 a._m., executed service by delivering a true copy of the **SUMMONS, NOTICE, COMPLAINT, EXHIBITS,** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving _____ As _____ of the within-named agency.

(✓) CORPORATE SERVICE: By Serving _Denise Hostetler_ as _employee for agent_.

( ) OTHER SERVICE:See Comments Below:

( ) NON SERVICE: See Comments Below:

Service Was Completed At: _300 S. Spring St. Suite 900 Little Rock, AR 72201_

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_Stephanie Myers_
PROCESS SERVER # _0118_
Appointed in accordance with State Statutes

_Suree Crook_
NOTARY PUBLIC

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 400**
**Little Rock, AR 72201**
**(501) 376-6266**
Our Job Serial Number: 2013000214

Suree Crook
County Of Pulaski
Notary Public - Arkansas
My Commission Exp. 03/21/2015

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 5525**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | Senior Living Communities of Arkansas, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 300 South Spring Street, Suite 900 |
| One Information Way, Suite 300 | Little Rock, Arkansas 72201 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Senior Living Communities of Arkansas, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date: _____ 11-26-12 _____

Larry Crane                                   LARRY CRANE, Clerk
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201                         By: _____ Deputy Clerk

No. 60CV-2012-5525 This Summons is for: Senior Living Communities of Arkansas, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
2013-Jan-28 16:52:25
60CV-12-5525

**State of Arkansas**                    **County of Pulaski**                              **Circuit Court**

Case Number: 60CV 2012 5525

Plaintiff:
**Rhonda G. Jones, as Administratix of the Estate of Beatrice**
**Washington, deceased; ET AL**
vs.
Defendant:
**Capital SeniorCare Ventures, LLC; Column Guaranteed, LLC; SLC**
**Properties, LLC; ET AL**

For: Ms. Melody Piazza
      WILKES & MCHUGH

Received by MYERS ATTORNEY'S SERVICE to be served on **Premier Health And Rehabilitation, LLC by**
**serving Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, AR 72201**. I,
_Stephanie Myers_, being duly sworn, depose and say that on the _19th_ day of _January_, 20_13_
at _10:30_ _a_.m., executed service by delivering a true copy of the **SUMMONS, NOTICE, COMPLAINT, FIRST SET**
**OF INTERROGS, FIRST SET OF REQUESTS FOR PRODUCTION ON PREMIER HEALTH AND**
**REAHABILITATON, LLC in accordance with state statutes in the manner marked below:**

( ) GOV.AGENCY: By Serving
_____As_____ of the within-named
agency.

( ✓ CORPORATE SERVICE: By Serving _Denise Hostetler_ as
_employee   for  agent._
_____.

( ) OTHER SERVICE:See Comments Below:

( ) NON SERVICE: See Comments Below:

Service Was Completed At: _300 S Spring St. Ste 900 Little Rock, AR 72201_
_____

**COMMENTS:** _____
_____
_____



## AFFIDAVIT OF SERVICE for 60CV 2012 5525

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

NOTARY PUBLIC

Yource Crook
County Of Pulaski
Notary Public - Arkansas
My Commission Exp. 03/21/2015

*Stephanie Myers*

PROCESS SERVER # _____ 118
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 400**
**Little Rock, AR 72201**
**(501) 376-6266**
Our Job Serial Number: 2013000213

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

17TH DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 552**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

**PLAINTIFF'S ATTORNEYS:**
Melody H. Piazza
Deborah T. Riordan
WILKES & McHUGH, P.A.
One Information Way, Suite 300
Little Rock, AR 72202
Phone: (501) 371-9903
Fax: (501) 371-9905

**TO DEFENDANT:**
Premier Health and Rehabilitation, LLC
c/o Corporation Service Company
300 Spring Building, Suite 900
300 South Spring Street
Little Rock, Arkansas 72201

THE STATE OF ARKANSAS TO DEFENDANT(S):   Premier Health and Rehabilitation, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _NOV 26, 2012_

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. 60CV-2012-5525 This Summons is for: Premier Health and Rehabilitation, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28 16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington          PLAINTIFF

vs.                        NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                    DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 16, 2013, I caused a copy of the Summons and
Complaint to be served on the Corporation Service Company, Registered Agent for
VAJ, LLC, by placing a copy thereof in the United States Mail, addressed to VAJ, LLC
c/o the Corporation Service Company, with certified delivery, restricted delivery, return
receipt requested to the Addressee or Agent of Addressee and sufficient postage
affixed to insure delivery.

3.    That said Summons and Complaint were claimed as evidenced by the Domestic Return Receipt No. 7007 1490 0004 6106 9507, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _28th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

By: _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:    (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

On this the _28th_ day of January, 2013, before me, Melody H. Piazza, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:



2



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

JAN 16 2013

1. Article Addressed to:

VAJ, LLC
C/o Corporation Service Company
251 East Ohio St., Ste 500
Indianapolis, Indiana
46204

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7007 1490 0004 6106 9507

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



7007 1490 0004 6106 9507

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

Sent To VAJ, LLC

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4



PLAINTIFF'S
EXHIBIT

"A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 5525**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | VAJ LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 251 East Ohio Street, Suite 500 |
| One Information Way, Suite 300 | Indianapolis, Indiana 46204 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   VAJ LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within thirty ( 30 ) days from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this day:**

NOV 2 6 2012

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. _____          **This Summons is for: VAJ LLC**

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____.
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28 16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington          PLAINTIFF

vs.                            NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                      DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 16, 2013, I caused a copy of the Summons and
Complaint to be served on the Corporation Service Company, Registered Agent for
Quality Review, LLC, by placing a copy thereof in the United States Mail, addressed to
Quality Review, LLC c/o Corporation Service Company, with certified delivery, restricted
delivery, return receipt requested to the Addressee or Agent of Addressee and sufficient
postage affixed to insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the

Domestic Return Receipt No. 7007 1490 0004 6106 9514, which is attached hereto as

Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _28th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the
Estate of Beatrice Washington, deceased, and
on behalf of the wrongful death beneficiaries of
Beatrice Washington

By:  _Melody H. Piazza_

Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:     (501) 371-9905

*Attorneys for Plaintiff*

On this the 28th day of January, 2013, before me, Melody H. Piazza, the
individual known to me to be the person whose name is subscribed to the above and
foregoing Affidavit of Service, and acknowledged that she executed the same for the
purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Cassandra L. Peters_
NOTARY PUBLIC

My Commission Expires:



2



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Quality Review, LLC
c/o Corporation Service Company
251 East Ohio St., Ste 500
Indianapolis, Indiana
46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Chris Sullivan

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

JAN 16 2013

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☑ Yes

2. Article Number
(Transfer from service label)
7007 1490 0004 6106 9514

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

7007 1490 0004 6106 9514

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Sent To  Quality Review, LLC
Street, Apt No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

Postmark
Here



**PLAINTIFF'S EXHIBIT**
"A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### _____ DIVISION

### **SUMMONS**

17TH DIVISION

Case No: _____

60CV 2012 5525

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

**PLAINTIFF'S ATTORNEYS:**
Melody H. Piazza
Deborah T. Riordan
WILKES & McHUGH, P.A.
One Information Way, Suite 300
Little Rock, AR 72202
Phone: (501) 371-9903
Fax: (501) 371-9905

**TO DEFENDANT:**
Quality Review, LLC
c/o Corporation Service Company
251 East Ohio Street, Suite 500
Indianapolis, Indiana 46204

THE STATE OF ARKANSAS TO DEFENDANT(S):   Quality Review, LLC

### **N O T I C E**

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this date:** _____ 11-26-12 _____

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201

LARRY CRANE, Clerk

By: _____

No. _____          **This Summons is for: Quality Review, LLC**

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____ _____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28  16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                    PLAINTIFF

vs.                             NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                          DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 17, 2013, I caused a copy of the Summons, Complaint
and First Set of Interrogatories and Requests for Production of Documents to be served
on Gentry, Locke, Rakes & Moore, LLP, Registered Agent for Arkansas Nursing Home
Acquisition, LLC, by placing a copy thereof in the United States Mail, addressed to
Arkansas Nursing Home Acquisition, LLC c/o Gentry, Locke, Rakes and Moore, LLP,
with certified delivery, restricted delivery, return receipt requested to the Addressee or
Agent of Addressee and sufficient postage affixed to insure delivery.

3.      That said Summons and Complaint were claimed as evidenced by the

Domestic Return Receipt No. 7007 1490 0004 6106 9477, which is attached hereto as

Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 28th day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the
Estate of Beatrice Washington, deceased, and
on behalf of the wrongful death beneficiaries of
Beatrice Washington

By:   *Melody H. Piazza*

Melody H. Piazza (AR 86108)
Deborah T. Riordan (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas 72202
Telephone:  (501) 371-9903
Facsimile:   (501) 371-9905

*Attorneys for Plaintiff*

On this the 28th day of January, 2013, before me, Melody H. Piazza, the
individual known to me to be the person whose name is subscribed to the above and
foregoing Affidavit of Service, and acknowledged that she executed the same for the
purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

*Cassandra L. Peters*

NOTARY PUBLIC

My Commission Expires:



2

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Jeff K. Ban_    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

_Jeffrey Buckson_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Arkansas Nursing Home Acquisition LLC
c/o Sixty Locks, Rakes & More LLC
Registered Agent
10 Franklin Rd, SE, Ste. 800
SunTrust Plaza
(P.O. Box 40133)
Roanoke, Virginia 24022-0013

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☑ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☑ Yes

2. Article Number
   (Transfer from service label)

7007 1490 0004 6106 9477

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



7007 1490 0004 6106 9477



**PLAINTIFF'S EXHIBIT**

"A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

**Case No:** _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 5525**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | Arkansas Nursing Home Acquisition, LLC |
| Deborah T. Riordan | c/o Gentry Locke Rakes & Moore LLP, Registered Agent |
| WILKES & McHUGH, P.A. | 10 Franklin Road, SE, Suite 800 |
| One Information Way, Suite 300 | Sun Trust Plaza |
| Little Rock, AR 72202 | (P.O. Box 40013) |
| Phone: (501) 371-9903 | Roanoke, Virginia 24022-0013 |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Arkansas Nursing Home Acquisition, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure

B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.   Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of this court this date:  *NOV 26, 2010*

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR  72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. _____    **This Summons is for: Arkansas Nursing Home Acquisition, LLC**

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28 16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington          **PLAINTIFF**

vs.                    NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                    **DEFENDANTS**

## **AFFIDAVIT OF SERVICE**

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 15, 2013, I caused a copy of the Summons, Complaint
and First Set of Interrogatories and Requests for Production of Documents to be served
on HIQ Maryland Corporation, Registered Agent for CSCV Holdings, LLC, by placing a
copy thereof in the United States Mail, addressed to CSCV Holdings, LLC c/o HIQ
Maryland Corporation, with certified delivery, restricted delivery, return receipt
requested to the Addressee or Agent of Addressee and sufficient postage affixed to
insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the Domestic Return Receipt No. 7007 1490 0004 6106 9484, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _25th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

By:     _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

On this the _28th_ day of January, 2013, before me, Melody H. Piazza, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:





**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CSCU Holdings, LLC
c/o HIQ Maryland Corporation
715 S. Paul Street
Baltimore, Maryland 21202

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature  X ____  ☑ Agent  ☐ Addressee
B. Received by (Printed Name): JAMES SIROIT   C. Date of Delivery: 1-15-13
D. Is delivery address different from item 1? ☐ Yes  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☑ Yes

2. Article Number (Transfer from service label): 7007 1490 0004 6106 9484

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



7007 1490 0004 6106 9484

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

**PLAINTIFF'S EXHIBIT "A"**

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

17TH DIVISION

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**DEFENDANT(S):**                               **CDCV 2012 5525**

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | CSCV Holdings, LLC |
| Deborah T. Riordan | c/o HIQ Maryland Corporation |
| WILKES & McHUGH, P.A. | 715 St. Paul Street |
| One Information Way, Suite 300 | Baltimore, Maryland  21202 |
| Little Rock, AR  72202 | |
| Phone: (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):  CSCV Holdings, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents. Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date:   NOV 26, 2012

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR  72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. _____     **This Summons is for: CSCV Holdings, LLC**

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ . I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____ .

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28  16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                          PLAINTIFF

vs.                        NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                        DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.       That I am the attorney for the Plaintiff in the above captioned case.

2.       That on January 15, 2013, I caused a copy of the Summons and
Complaint to be served on HIQ Maryland Corporation, Registered Agent for Capital
Funding, LLC d/b/a Capital Funding Group, by placing a copy thereof in the United
States Mail, addressed to Capital Funding, LLC d/b/a Capital Funding Group c/o HIQ
Maryland Corporation, with certified delivery, restricted delivery, return receipt
requested to the Addressee or Agent of Addressee and sufficient postage affixed to
insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the

Domestic Return Receipt No. 7007 1490 0004 6106 9545, which is attached hereto as

Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _28th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the
Estate of Beatrice Washington, deceased, and
on behalf of the wrongful death beneficiaries of
Beatrice Washington

By:     _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:    (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

On this the _28th_ day of January, 2013, before me, Melody H. Piazza, the
individual known to me to be the person whose name is subscribed to the above and
foregoing Affidavit of Service, and acknowledged that she executed the same for the
purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:



2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
JAMES STROTT   1-15-13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Capital Funding, LLC
d/b/a Capital Funding Group
c/o HEG Maryland Corporation
715 St. Paul St.
Baltimore, Maryland
21202

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☑ Yes

2. Article Number
(Transfer from service label)   7007 1490 0004 6106 9545

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

7007 1490 0004 6106 9545

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Postmark
Here

Sent To  Capital Funding, LLC d/b/a Capital Funding Group

PS Form 3800, August 2006

---



PLAINTIFF'S
EXHIBIT

"A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

17th DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV** 2012 5525

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC; SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCW Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | Capital Funding, LLC |
| Deborah T. Riordan | d/b/a Capital Funding Group |
| WILKES & McHUGH, P.A. | c/o HIQ Maryland Corporation |
| One Information Way, Suite 300 | 713 St. Paul Street |
| Little Rock, AR 72202 | Baltimore, Maryland 21202 |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Capital Funding, LLC
d/b/a Capital Funding Group

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.       It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.       It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**WITNESS** my hand and seal on this date: NOV 26, 2012

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. _____          **This Summons is for:  Capital Funding, LLC**
                                                  **d/b/a Capital Funding Group**

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____


Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28  16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                    PLAINTIFF

vs.                        NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                           DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and

affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 15, 2013, I caused a copy of the Summons and

Complaint to be served on HIQ Corporate Services, Inc., Registered Agent for ADDIT,

LLC, by placing a copy thereof in the United States Mail, addressed to ADDIT, LLC c/o

HIQ Corporate Services, Inc., with certified delivery, restricted delivery, return receipt

requested to the Addressee or Agent of Addressee and sufficient postage affixed to

insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the Domestic Return Receipt No. 7007 1490 0004 6106 9521, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _28th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

By:    _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

On this the _28th_ day of January, 2013, before me, Melody H. Piazza, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:



2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ADDIT, LLC
c/o HIQ Corporate Services, Inc.
5217 Relicado Court
First Floor
Indianapolis, Indiana
46237

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

S. Obermeyer

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

JAN 15 2013

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)

   7007 1490 0004 6106 9521

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

7007 1490 0004 6106 9521

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Postmark
Here

Sent To  ADDIT, LLC

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4


PLAINTIFF'S
EXHIBIT
"A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

### SUMMONS

17TH DIVISION

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 5525**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | ADDIT, LLC |
| Deborah T. Riordan | c/o HIQ Corporate Services, Inc. |
| WILKES & McHUGH, P.A. | 5217 Palisade Court, First Floor |
| One Information Way, Suite 300 | Indianapolis, Indiana 46237 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   ADDIT, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this date:** ____ 11-26-12 ____

Larry Crane                                          LARRY CRANE, Clerk
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201                           By: _____   Deputy Clerk

No. _____          This Summons is for: ADDIT, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____ [name],

a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $_____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Jan-28 16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                    PLAINTIFF

vs.                              NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                          DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 15, 2013, I caused a copy of the Summons and
Complaint to be served on HIQ Maryland Corporation, Registered Agent for Capital
Funding Group, Inc., by placing a copy thereof in the United States Mail, addressed to
Capital Funding Group, Inc. c/o HIQ Maryland Corporation, with certified delivery,
restricted delivery, return receipt requested to the Addressee or Agent of Addressee
and sufficient postage affixed to insure delivery.

3.      That said Summons and Complaint were claimed as evidenced by the

Domestic Return Receipt No. 7007 1490 0004 6106 9538, which is attached hereto as

Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _25th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the
Estate of Beatrice Washington, deceased, and
on behalf of the wrongful death beneficiaries of
Beatrice Washington

By:     _Melody H. Piazza_
        Melody H. Piazza (AR 86108)
        Deborah T. Riordan  (AR 93231)
        Wilkes & McHugh, P.A.
        One Information Way, Suite 300
        Little Rock, Arkansas  72202
        Telephone:   (501) 371-9903
        Facsimile:   (501) 371-9905

        *Attorneys for Plaintiff*

On this the 28th day of January, 2013, before me, Melody H. Piazza, the
individual known to me to be the person whose name is subscribed to the above and
foregoing Affidavit of Service, and acknowledged that she executed the same for the
purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Cassandra L. Peters_
NOTARY PUBLIC

My Commission Expires:



2





PLAINTIFF'S
EXHIBIT
"A"

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

17TH DIVISION

**Case No:** _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful
death beneficiaries of Beatrice Washington

16CV 2012 5525

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC;
SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of
Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital
Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF
Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and
Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier
Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | Capital Funding Group, Inc. |
| Deborah T. Riordan | c/o HIQ Maryland Corporation |
| WILKES & McHUGH, P.A. | 713 St. Paul Street |
| One Information Way, Suite 300 | Baltimore, Maryland 21202 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):  Capital Funding Group, Inc.

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
        Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date: NOV 06, 2012

Larry Crane                                    LARRY CRANE, Clerk
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR  72201                                              Deputy Clerk

No. _____      This Summons is for:  Capital Funding Group, Inc.

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
2013-Jan-28  16:52:25
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington          PLAINTIFF

vs.                    NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                    DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 15, 2013, I caused a copy of the Summons and
Complaint to be served on HIQ Maryland Corporation, Registered Agent for Capital
Finance, LLC, by placing a copy thereof in the United States Mail, addressed to Capital
Finance, LLC c/o HIQ Maryland Corporation, with certified delivery, restricted delivery,
return receipt requested to the Addressee or Agent of Addressee and sufficient postage
affixed to insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the Domestic Return Receipt No. 7007 1490 0004 6106 9491, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _28th_ day of January, 2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

By:   _Melody H. Piazza_

Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

On this the _28th_ day of January, 2013, before me, Melody H. Piazza, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Cassandra L. Peters_
NOTARY PUBLIC

My Commission Expires:



2



| SENDER  COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☑ Agent ☐ Addressee <br> B. Received by (Printed Name) JAMES STRON  C. Date of Delivery 1-15-13 |
| 1. Article Addressed to: <br><br> Capital Finance, LLC <br> c/o HIQ Maryland Corporation <br> HIQ Corporate Services, Inc. <br> 715 St. Paul St. <br> Baltimore, Maryland 21202 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☑ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee) ☑ Yes |
| 2. Article Number <br> (Transfer from service label) | 7007 1490 0004 6106 9491 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

7007 1490 0004 6106 9491

U.S. Postal Service
CERTIFIED MAIL  RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here

Sent To  Capital Finance, LLC
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006

**PLAINTIFF'S EXHIBIT**
"A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 5525**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | Capital Finance, LLC |
| Deborah T. Riordan | c/o HIQ Maryland Corporation |
| WILKES & McHUGH, P.A. | HIQ Corporate Services, Inc. |
| One Information Way, Suite 300 | 713 St. Paul Street |
| Little Rock, AR 72202 | Baltimore, Maryland 21202 |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S): Capital Finance, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date: _NOV 26, 2012_

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. _____          This Summons is for: Capital Finance, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

Larry Crane, Clerk
Pulaski County Circuit Court
January 28, 2013
Page 2

Your assistance is appreciated.  Please do not hesitate to contact my assistant, Cassy Peters, should you need additional information.

Sincerely,

**Wilkes & McHugh, P.A.**

Melody H. Piazza

MHP/clp

Enclosures

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

1 INFORMATION WAY
SUITE 300
LITTLE ROCK, ARKANSAS 72202

PHONE: (501) 371-9903
TOLL FREE: (888) 777-9424
FAX: (501) 371-9905

January 28, 2013

**VIA HAND DELIVERY**

Larry Crane, Clerk
Pulaski County Circuit Court
120 Courthouse
401 West Markham Street
Little Rock, AR 72201

Re:   Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington v. Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC; and John Doe 1 through 5, Unknown Defendants
Pulaski County Circuit Court No. 60CV 2012-5525

Dear Mr. Crane:

Enclosed for filing please find:

1. Affidavit of Service on SLC Professionals, LLC fka SLC Professionals of Arkansas, LLC;
2. Affidavit of Service on Senior Living Communities of Arkansas, LLC;
3. Premier Health and Rehabilitation, LLC;
4. Arkansas Nursing Home Acquisition, LLC;
5. Quality Review, LLC;
6. VAJ, LLC;
7. Capital Funding, LLC d/b/a Capital Funding Group;
8. CSCV Holdings, LLC;
9. ADDIT, LLC;
10. Capital Funding Group, Inc.; and
11. Capital Finance, LLC.

Please return the extra, file-marked copies to our waiting courier.

# AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
2013-Feb-05  16:17:19
60CV-12-5525

**State of Arkansas**          **County of Pulaski**                    **Circuit Court**

Case Number: 60CV 2012 5525

Plaintiff:
**Rhonda G. Jones, as Administratix of the Estate of Beatrice**
**Washington, deceased; ET AL**
**vs.**
Defendant:
**Capital SeniorCare Ventures, LLC; Column Guaranteed, LLC; SLC**
**Properties, LLC; ET AL**

For: Ms. Melody Piazza
     WILKES & MCHUGH

Received by MYERS ATTORNEY'S SERVICE to be served on **Steve Hudgens, 9533 West Lake Circle,**
**Sherwood, AR 7120.** I, _Stan Bryant_____, being duly sworn, depose and say that on the _26_
day of _Jan___, 20_13_at _1:22_m., executed service by delivering a true copy of the **SUMMONS, NOTICE,**
**COMPLAINT, FIRST SET OF INTERROGS, FIRST SET OF REQUESTS FOR PRODUCTION ON STEVE**
**HUDGENS** in accordance with state statutes in the manner marked below:

[X] INDIVIDUAL SERVICE: SERVED THE WITHIN-NAMED PERSON.

( ) SUBSTITUTE SERVICE: BY SERVING _____ AS
_____

( )DELIVERED DOCUMENTS:SEE COMMENTS BELOW:

( )OTHER SERVICE: SEE COMMENTS BELOW:

( )NON SERVICE SEE COMMENTS BELOW

SERVICE COMPLETED AT: _9533 West Lake Cir., Sherwood, Ar_____
_____

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in
which this service was made.

_Yourcee Crook_
NOTARY PUBLIC

**Yource Crook**
County Of Pulaski
Notary Public - Arkansas
My Commission Exp. 03/21/2015

_Stan Bryant_
PROCESS SERVER # _112_____
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 400**
**Little Rock, AR 72201**
**(501) 376-6266**
Our Job Serial Number: 2013000216

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

Case No: _____

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Washington

vs.

**60CV 2012 5525**

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | Steve Hudgens |
| Deborah T. Riordan | 9533 West Lake Circle |
| WILKES & McHUGH, P.A. | Sherwood, Arkansas 72120 |
| One Information Way, Suite 300 | |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Steve Hudgens

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days of service.**  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _____ **NOV 2 6 2012** _____

Larry Crane
Pulaski County Circuit Clerk
Courthouse
401 West Markham Street
Little Rock, AR 72201

LARRY CRANE, Clerk

By: _____ Deputy Clerk

No. 60CV-2012-5525 **This Summons is for: Steve Hudgens**

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or


I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or


☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or


I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or


☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.


☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.


☐ Other [specify]: _____


☐ I was unable to execute service because: _____
_____


My fee is $ _____.


2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

ELECTRONICALLY FILED
2013-Feb-05  16:24:36
60CV-12-5525

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
17th DIVISION

Rhonda G. Jones, as Administratrix of the Estate of
Beatrice Washington, deceased, and on behalf of the
wrongful death beneficiaries of Beatrice Washington                    PLAINTIFF

vs.                           NO. 60CV 2012-5525

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of Arkansas, LLC; SLC
Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC;
SLC Professionals Holdings, LLC; ADDIT, LLC; Quality
Review, LLC; John W. Dwyer; Capital Funding Group, Inc.;
Capital Funding, LLC d/b/a Capital Funding Group; CSCV
Holdings, LLC; Arkansas SNF Operations Acquisition, LLC;
Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC;
Premier Health and Rehabilitation, LLC; North Little Rock
Holdings, LLC; Steve Hudgens, in his capacity as Administrator
of Premier Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                          DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and
affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on January 29, 2013, I caused a copy of the Summons and
Complaint to be served on John W. Dwyer by having same personally served as
evidenced by the Proof of Service attached hereto as Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 5th day of February,
2013.

Respectfully submitted,

Rhonda G. Jones, as Administratrix of the
Estate of Beatrice Washington, deceased, and
on behalf of the wrongful death beneficiaries of
Beatrice Washington

By:      _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:   (501) 371-9905

*Attorneys for Plaintiff*

On this the 5th day of February, 2013, before me, Melody H. Piazza, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:



2

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

## SUMMONS

Case No: _____ 17TH DIVISION

**PLAINTIFF(S):**
Rhonda G. Jones, as Administratrix of the Estate of Beatrice Washington, deceased, and on behalf of the wrongful death beneficiaries of Beatrice Wa~~shington~~

60CV 2012 5525

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; ADDIT, LLC; Quality Review, LLC; John W. Dwyer; Capital Funding Group, Inc.; Capital Funding, LLC d/b/a Capital Funding Group; CSCV Holdings, LLC; Arkansas SNF Operations Acquisition, LLC; Arkansas Nursing Home Acquisition, LLC; Capital Finance, LLC; Premier Health and Rehabilitation, LLC; North Little Rock Holdings, LLC; Steve Hudgens, in his capacity as Administrator of Premier Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | John W. Dwyer |
| Deborah T. Riordan | 1422A Clarkview Road |
| WILKES & McHUGH, P.A. | Baltimore, Maryland  21209 |
| One Information Way, Suite 300 | |
| Little Rock, AR  72202 | |
| Phone:  (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

PLAINTIFF'S EXHIBIT "A"

THE STATE OF ARKANSAS TO DEFENDANT(S):   John W. Dwyer

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.  It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this date:** _NOV 26, 2012_



| | |
|---|---|
| Larry Crane | **LARRY CRANE,** Clerk |
| Pulaski County Circuit Clerk | |
| Courthouse | |
| 401 West Markham Street | By: _____ Deputy Clerk |
| Little Rock, AR  72201 | |

No.*60CV-2012-5525*          This Summons is for: John W. Dwyer

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

✓ I delivered the summons and complaint to *JEFFREY STEIN, COUNSEL* [name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

*JOHN W. DWYER* _____[name of defendant] on *JANUARY 29, 2013* [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ *60.00* _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _02_/_01_/_2013_        By: _____
[Signature of server]
ANDRE S. POWELL
PROCESS SERVER
[Printed name]

Address:   MONUMENTAL PROCESS SERVERS, INC.
823 MILK HOUSE RD
BALTIMORE MD 21201
(410) 523-4900

Phone: _____

Subscribed and sworn to before me this date: _FEBRUARY 1, 2013_

_Betty A Brown_
Notary Public

My commission expires: _12_/_19_/_2015_

Additional information regarding service or attempted service:
SERVICE WAS EFFECTED AT 1422-A CLARK VIEW ROAD,
BALTIMORE MD 21209

3